COMMISSIONER OF BANKS OF NORTH CAROLINA v. N. B. C. CARRIER.

(Filed 11 May, 1932.)

1. **Banks and Banking H a—Validity of stock assessment held not subject to attack on ground that purchase of stock was procured by fraud.**

Where the Commissioner of Banks has levied an assessment against a stockholder in a bank in accordance with N. C. Code, 1931, sec. 218(c), the stockholder may not contest the validity of the levy upon appeal on the ground that the purchase of the stock was procured by the false and fraudulent representations of the officers of the bank, the stockholder having exercised the privileges and accepted the dividends from the stock for a long period and not having objected until after the insolvency of the bank and the levy of the assessment.

2. **Banks and Banking H e—Commissioner of Banks must sue in his individual name.**

An action by the Commissioner of Banks to enforce the statutory liability of a stockholder must be brought in his individual name, but his failure to do so may be cured by amendment.

APPEAL by defendant from *Sink, J.,* at December Term, 1931, of TRANSYLVANIA. Affirmed.

*Ralph H. Ramsey, Jr., for appellant.*
*Pat Kimzey and J. Will Pless, Jr., for appellee.*

PER CURIAM. On 17 July, 1928, the defendant purchased one hundred shares of the capital stock of the Brevard Banking Company, which closed its doors on 15 December, 1930, and is now in process of liquidation. Public Laws 1931, chaps. 243, 385. On 20 May, 1931, the Commissioner of Banks levied an assessment against the defendant equal to her stock liability. N. C. Code, 1931, sec. 218(c), subsec. 13. The defendant appealed, alleging that the purchase of her stock had been induced by the fraud of certain officers of the bank. Upon the pleadings and the facts the trial judge affirmed the levy of the assessment and dismissed the appeal. The judgment of the Superior Court sustaining the levy should be affirmed upon the principle stated in *Corporation Commission v. McLean, ante,* 77, and the cases therein cited. Whether the defendant may maintain an action for fraud against the officers of the bank we are not called upon to decide; but after receiving semiannual dividends for 1929 and 1930 and exercising the privileges and accepting the profits of a stockholder she is not entitled to have her purchase of stock canceled to the detriment of the depositors and credi-

tors of the bank. She should have acted with promptness and diligence.

We have held that actions such as this must be prosecuted in the individual name of the Commissioner of Banks and not under his official title. *Commissioner of Banks v. Harvey, ante,* 380; *Commissioner of Banks v. Johnson, ibid.,* 387; *Commissioner of Banks v. Mills, ibid.,* 509. This is a defect which may be cured by amendment. Judgment

Affirmed.